**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dog Training Elite Franchising LLC,<br><br>          Plaintiff,<br><br>v.<br><br>Unbound Ventures LLC, et al.,<br><br>          Defendants. | No. CV-24-01861-PHX-SMM<br><br>**ORDER** |

      Before the Court is Defendants Condor Man Inc. and Neal Mestas' Motion to Compel Arbitration and Motion to Stay Proceeding (Doc. 14), Defendants' Reply in Support of that Motion (Doc. 19), Plaintiff's First Amended Complaint (Doc. 18), and the parties' Joint Status Report (Doc. 22). The Court finds that Plaintiff's First Amended Complaint is the operative complaint and denies Defendants' Motion to Compel Arbitration and Stay Proceedings as moot.

**I.     PROCEDURAL BACKGROUND**

      Plaintiff, Dog Training Elite Franchising, LLC, broughat suit against several Defendants, including Defendant CondorMan Inc. ("CondorMan") and Defendant Neal Mestas ("Mestas"). (Doc. 1). The Complaint alleged, among other things, Civil Conspiracy, which is the only claim brought against CondorMan and Mestas. (Id.) In response to the filing of the Complaint, CondorMan and Mestas filed a Motion to Compel Arbitration and Stay the Proceeding Pursuant to 9 U.S.C. § 4 of the Federal Arbitration Act. (Doc. 14).

      The parties filed a Stipulation with the Court requesting Plaintiff be given an

extension of time to file a Response to the Motion to Compel and Stay, which the Court granted. (Docs. 16; 17). However, instead of filing a Response, Plaintiff filed its First Amended Complaint. (Doc. 18). The deadline to file a Response passed, and Defendants filed a Reply in Support of their Motion. (Doc. 19).

Accordingly, the Court issued an Order directing the parties to file a Status Report to inform the Court why a Response was not filed. (Doc. 20). In that Status Report, Plaintiff states it was its understanding that it could file a First Amended Complaint as a matter of right, requiring the Defendants to file a new Motion to Compel and Stay based on the new operative Complaint. (Doc. 21). Meanwhile, Defendants' position is that 9 U.S.C. § 4 requires this Court to rule on the Motion to Compel, notwithstanding the filing of an Amened Complaint. (Id.)

## II.   ANALYSIS

The Court now addresses the impasse. To support their position, Defendants point to the text of the Federal Arbitration Act. 9 U.S.C. § 4 ("The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."). Defendants state that "the use of the word 'shall' 'creates an obligation impervious to judicial discretion.'" Smith v. Spizzirri, 601 U.S. 472, 476 (2024) (quoting Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35 (1998)). Accordingly, Defendants argue, the filing of an Amended Complaint does not circumvent the Court's obligation to rule on the Motion. (Doc. 19 at 4). Conversely, Plaintiff characterizes the Motion to Compel and Stay as akin to a Rule 12(b) motion under the Federal Rules. (Doc. 21 at 2). After such a 12(b) motion, a plaintiff is granted two options: to respond to the motion or to correct deficiencies in a pleading. (Id.).

Under Federal Rule of Civil Procedure 15(a)(1)(B), a party may amend its pleading once as a matter of right within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P.

15(a)(1)(B).

The Ninth Circuit has upheld district court orders granting a motion to compel arbitration brought under Rule 12(b)(3). See, e.g., Balen v. Holland Am. Line Inc., 583 F.3d 647, 652 (9th Cir. 2009). Other Circuit Courts have held similarly. See, e.g., Grasty v. Colorado Tech. Univ., 599 F. App'x 596, 597 (7th Cir. 2015) (concluding that "[m]otions to compel arbitration ... are brought properly under Federal Rule of Civil Procedure 12(b)(3)"). Finally, other courts in this Circuit have ruled similarly. Cancer Ctr. Assocs. for Research and Excellence, Inc. v. Phila. Ins. Cos., No. 1:15-CV-00084 LJO MJS, 2015 WL 1766938, at *2 (E.D. Cal. 2015) ("[C]ourts have held that a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction 'is a procedurally sufficient mechanism to enforce [an] [a]rbitration [p]rovision.'"); Coup v. Scottsdale Plaza Resort, LLC, 823 F. Supp. 2d 931, 938 (D. Ariz. 2011) (motion to compel arbitration may be properly brought pursuant to Rule 12(b)(1) or 12(b)(6)); Cedars-Sinai Med. Ctr. v. Global Excel Mgmt., Inc., No. CV 09-3627, 2010 WL 5572079, at *2 (C.D. Cal. 2010); Lemberg v. LuLaRoe, LLC, No. EDCV1702102ABSHKX, 2018 WL 6927836. at * 3 (C.D. Cal. 2018).

The Court follows the holding in Lemberg, which found that while "courts may disagree as to whether a motion to compel arbitration constitutes a motion pursuant to Rules 12(b)(1), 12(b)(3), or 12(b)(6), courts generally agree that such a motion is a Rule 12(b) motion." Lemberg, 2018 WL 6927836 at *3. Therefore, while a Motion to Compel may not fall directly into one of Rule 12(b)'s subsections, it is a responsive pleading, which, under Rule 15(a)(1)(B), grants Plaintiff leave to amend as a matter of right. See, e.g., id.; see also, Armendariz v. Ace Cash Express, No. 3:13-CV-00590-BR, 2013 WL 3791438, at *1 (D. Or. July 19, 2013) (finding that a motion to compel arbitration "suffices as a 'responsive pleading' to Plaintiff's Complaint or as an unenumerated motion under Rule 12(b), and, therefore, Plaintiff was permitted to file a First Amended Complaint pursuant to Rule 15(a)(1)(B) without first obtaining leave of Court or consent of Defendant.").

Further, the Supreme Court has long held that "Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). With this legal principle in mind, the Court holds that

Plaintiff's FAC is the operative complaint in this action.

Because Defendants CondorMan Inc. and Neal Mestas' Motion to Compel Arbitration is targeted at a previous iteration of the Complaint in this action, the Motion to Compel is denied as moot and thus if Defendants seek to compel arbitration, Defendants should file a Motion to Compel Arbitration based upon Plaintiff's FAC.

Accordingly,

**IT IS ORDERED denying** the Motion to Compel as moot. (Doc. 14).

Dated this 26th day of March, 2025.

Stephen M. McNamee
Senior United States District Judge